Slip Op. 17-59

## UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| **NEXTEEL CO., LTD.,** | |
| **Plaintiff,** | |
| **and** | |
| **HUSTEEL CO., LTD. and HYUNDAI STEEL COMPANY,** | |
| **Plaintiff-Intervenors,** | **Before: Claire R. Kelly, Judge** |
| **v.** | **Court No. 17-00091** |
| **UNITED STATES,** | |
| **Defendant,** | |
| **and** | |
| **TMK IPSCO ET AL.,** | |
| **Defendant-Intervenors.** | |

## OPINION AND ORDER

[Granting Plaintiff-Intervenor's motion for a preliminary injunction.]

Dated: May 15, 2017

Donald Bertrand Cameron, Julie Clark Mendoza, Rudi Will Planert, Brady Warfield Mills, Mary Shannon Hodgins, Eugene Degnan, Sarah Suzanne Sprinkle, and Henry Nelson La Salle Smith, Morris, Manning & Martin, LLP, of Washington, DC, for Plaintiff-Intervenor Husteel Co., Ltd.

Hardeep K. Josan, Trial Attorney, Civil Division, Commercial Litigation Branch, U.S. Department of Justice, of New York, NY, for Defendant.   With him on the brief were Chad A. Readler, Acting Assistant Attorney General, Jeanne E. Davidson, Director, and Claudia Burke, Assistant Director.

Kelly, Judge:   Pending before the court is Plaintiff-Intervenor Husteel Co., Ltd.'s

("Husteel") partial consent motion[1] for preliminary injunction to enjoin Defendant United

States from liquidating Husteel's entries of certain oil country tubular goods ("OCTG")

from the Republic of Korea ("Korea") that were produced and/or exported by Husteel and

that are subject to the U.S. Department of Commerce's ("Commerce") final results of the

administrative review of the antidumping duty order on OCTG from Korea covering the

period July 18, 2014 to August 31, 2015.  <u>Certain Oil Country Tubular Goods from the</u>

<u>Republic of Korea</u>, 82 Fed. Reg. 18,105 (Dep't Commerce Apr. 17, 2017) (final results of

antidumping duty administrative review; 2014–2015) ("<u>Final Results</u>"), and accompanying

Issues and Decision Memorandum for the Final Results of the 2014–2015 Administrative

Review of the Antidumping Duty Order on Certain Oil Country Tubular Goods from the

Republic of Korea (Apr. 10, 2017), <u>available at</u> http://ia.ita.doc.gov/frn/summary/korea-

south/2017-07684-1.pdf (last visited May 15, 2017).  The court has jurisdiction pursuant

to Section 516A(a)(2)(B)(iii) of the Tariff Act of 1930, as amended, 19 U.S.C. §

1516a(a)(2)(B)(iii) (2012) and 28 U.S.C. § 1581(c). For the reasons set forth below, the

court grants Plaintiff-Intervenor's motion for preliminary injunctive relief.

---

[1] Prior to filing its motion for a preliminary injunction, Plaintiff-Intervenor Husteel consulted all parties in the action at that time to seek consent.  <u>See</u> Partial Consent Mot. for Prelim. Injunction 2, May 8, 2017, ECF No. 24; USCIT R. 7(f).  Plaintiff NEXTEEL Co., Ltd. consented to the motion, Defendant-Intervenors TMK IPSCO, Vallourec Star, L.P., and Welded Tube USA Inc. took no position on the motion, and Defendant opposed the motion.  <u>See id.</u>; <u>see also</u> Def.'s Resp. Opp.'n to Husteel Co., Ltd.'s Mot. Prelim. Injunction, May 12, 2017, ECF No. 32.  On May 12, 2017, prior to Defendant's filing of its brief in opposition, Hyundai Steel Company joined the action as Plaintiff-Intervenor.  <u>See</u> Consent Mot. to Intervene as of Right, May 11, 2017, ECF No. 27; Order, May 12, 2017, ECF No. 31. On May 15, 2017, Hyundai Steel Company indicated to the Court via email that it consents to Husteel's motion.

## BACKGROUND

Commerce published the <u>Final Results</u> on April 17, 2017.  <u>Final Results</u>, 82 Fed. Reg. at 18,105.   Plaintiff NEXTEEL Co., Ltd. ("NEXTEEL"), a selected mandatory respondent, commenced this action on April 27, 2017, contesting the <u>Final Results</u>.  <u>See</u> Summons, Apr. 27, 2016, ECF No. 1.   Plaintiff's complaint made four substantive challenges to Commerce's <u>Final Results</u>, arguing that the <u>Final Results</u> were neither supported by substantial evidence nor in accordance with law.  Complaint, Apr. 28, 2017, ECF No. 7.  The court granted NEXTEEL's motion for a preliminary injunction, enjoining the liquidation of its entries on May 3, 2017.  <u>See</u> Consent Mot. for Prelim. Injunction, May 2, 2017, ECF No. 14; Order, May 3, 2017, ECF No. 16.

Husteel, a producer and exporter of OCTG from Korea subject to the <u>Final Results</u>, moved to intervene in the present action on May 2, 2017.  Consent Mot. to Intervene as of Right, May 2, 2017, ECF No. 9.  Husteel was not selected for individual examination by Commerce in this review, and thus is subject to the "non-examined company" antidumping duty rate based on the average of the rates calculated for the mandatory respondents.  <u>See</u> <u>Final Results</u>, 82 Fed. Reg. at 18,106, 18,108.  The court granted Husteel's motion to intervene on May 3, 2017.  Order, May 3, 2017, ECF No. 15.  Husteel then filed the instant motion for a preliminary injunction on May 8, 2017.  Partial Consent Mot. for Prelim. Injunction, May 8, 2017, ECF No. 24.  Defendant opposes Husteel's motion.  Def.'s Resp. Opp.'n to Husteel Co., Ltd.'s Mot. Prelim. Injunction, May 12, 2017, ECF No. 32.

## DISCUSSION

"In international trade cases, the CIT has authority to grant preliminary injunctions barring liquidation in order to preserve a party's right to challenge the assessed duties."

Qingdao Taifa Grp. Co., Ltd. v. United States, 581 F.3d 1375, 1378 (Fed. Cir. 2009).  To

obtain the extraordinary relief of a preliminary injunction, the movant must establish that

(1) it is likely to suffer irreparable harm without a preliminary injunction, (2) it is likely to

succeed on the merits, (3) the balance of the equities favors the movant, and (4) the

injunction is in the public interest.  Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7,

20 (2008); Zenith Radio Corp. v. United States, 710 F.2d 806, 809 (Fed. Cir. 1983).

Defendant does not oppose Husteel's motion on the basis of the four factor test of

eligibility for injunctive relief.   Defendant argues instead that Husteel's motion for

preliminary injunction should be denied because the motion seeks to enlarge the issues

in the case by requesting an injunction for entries not the subject of Plaintiff's complaint.

Def.'s Br. 2–7.  Defendant contends that that court lacks the authority to grant Husteel its

requested relief, see id. at 6, and that granting Husteel's motion would impermissibly alter

the nature of the action by enjoining entries not included in NEXTEEL's complaint.  Id. at

4.  Defendant additionally contends that, as a Plaintiff-Intervenor, Husteel's role in the

litigation is inherently limited to supporting Plaintiff's positions in advancing Plaintiff's own

claims.  Id. at 2.

Defendant's arguments are unpersuasive.  As explained by this Court in prior

opinions, "[t]he concept of enlargement is one that is best 'reserved for situations in which

an intervenor adds new legal issues to those already before the court.'"  Tianjin Wanhua

Co. Ltd, v. United States, 38 CIT __, __, 11 F. Supp. 3d 1283, 1285 (2014), quoting NSK

Corp. v. United States, 32 CIT 161, 166, 547 F. Supp. 2d 1312, 1318 (2008); see also

Fine Furniture (Shanghai) Limited v. United States, 40 CIT __, __, 195 F. Supp. 3d 1324,

1329–30 (2016); Union Steel v. United States, 33 CIT 614, 624, 617 F. Supp. 2d 1373,

1382 (2009); Union Steel v. United States, 34 CIT 567, 570–72, 704 F. Supp. 2d 1348,

1350–52 (2010).  A Plaintiff-Intervenor's motion for a preliminary injunction which does

not raise additional substantive issues does not enlarge the Plaintiff's complaint, since it

simply ensures that the judicial opinion resulting from the present litigation will govern

entries that are already covered by the administrative review and subject to the Final

Results being challenged.   There is no indication in Husteel's motion for preliminary

injunction that Husteel is introducing new substantive issues into the litigation that were

not raised in NEXTEEL's complaint.  See Partial Consent Mot. for Prelim. Injunction, May

8, 2017, ECF No. 24.   Husteel's motion for a preliminary injunction does "not, in any

meaningful sense, 'compel an alteration of the nature of the proceeding.'"  Union Steel,

33 CIT at 624, 617 F. Supp. 2d at 1382, quoting Vinson v. Washington Gas Light Co.,

321 U.S. 489, 498 (1944).

Defendant relies upon Vinson, 321 U.S. at 498, and Laizhou Auto Brake Equip.

Co. v. United States, 31 CIT 212, 213–15, 477 F. Supp. 2d 1298, 1299–1301 (2007), to

support its position that an intervenor may not expand the case in which it has intervened.

Def.'s Br. 2.  In Vinson the Supreme Court held that an intervenor may not enlarge the

issues pending before a court in the action.   Vinson, 321 U.S. at 498.  The court agrees

with the prior holdings of this Court that have found that "that a grant under 19 U.S.C. §

1516a(c)(2) of an injunction against the liquidation of entries does not violate the principle,

expressed by the Supreme Court in [Vinson] that an intervenor may not enlarge the

already-pending issues or compel an alteration of the nature of the proceeding."  Union

Steel, 33 CIT at 624, 617 F. Supp. 2d at 1382, quoting NSK Corp., 32 CIT at 166, 547 F.

Supp. 2d at 1318; see also Fine Furniture (Shanghai) Limited, 40 CIT at __, 195 F. Supp.

3d at 1329–30; <u>Tianjin Wanhua Co. Ltd, v. United States</u>, 38 CIT at __, 11 F. Supp. 3d at

1285–86; <u>Union Steel</u>, 34 CIT at 570–72, 704 F. Supp. 2d at 1350–52.

Upon consideration of Plaintiff-Intervenor Husteel Co., Ltd.'s Partial Consent

Motion for Preliminary Injunction and all other papers and proceedings herein, and upon

due deliberation, it is hereby

**ORDERED** that Plaintiff-Intervenor's motion is GRANTED; and it is further

**ORDERED** that Defendant, United States, together with its delegates, officers,

agents, and servants, including employees of the U.S. Customs and Border Protection

and the U.S. Department of Commerce, is enjoined during the pendency of this litigation,

including any appeals and remands, from issuing instructions to liquidate or making or

permitting liquidation of any entries of certain oil country tubular goods from the Republic

of Korea that:

(i) were produced and/or exported by Husteel Co., Ltd.;

(ii) were the subject of the administrative determination published as <u>Certain Oil

Country Tubular Goods from the Republic of Korea</u>, 82 Fed. Reg. 18,105 (Dep't

Commerce Apr. 17, 2017) (final results of antidumping duty administrative review; 2014–

2015); and

 (iii) were entered, or withdrawn from warehouse, for consumption on or after July

18, 2014 up to and including August 31, 2015; and

(iv) remain unliquidated as of the date on which this Order is entered; and it is

further

**ORDERED** that the entries subject to this injunction shall be liquidated in accordance with the final court decision in this action, including all appeals and remand proceedings, as provided in 19 U.S.C. § 1516a(e).

  /s/ Claire R. Kelly
Claire R. Kelly, Judge

Dated: May 15, 2017
        New York, New York