Slip Op. 19-62

## UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| **NEXTEEL CO., LTD.,** | |
|     **Plaintiff,** | |
| **HYUNDAI STEEL COMPANY, HUSTEEL CO., LTD., AJU BESTEEL CO., LTD., MAVERICK TUBE CORPORATION, and SEAH STEEL CORPORATION,** | |
|     **Consolidated Plaintiffs,** | |
| **and** | |
| **ILJIN STEEL CORPORATION,** | Before: Jennifer Choe-Groves, Judge |
|     **Plaintiff-Intervenor,** | Consol. Court No. 17-00091 |
| **v.** | |
| **UNITED STATES,** | |
|     **Defendant,** | |
| **and** | |
| **TMK IPSCO, VALLOUREC STAR, L.P., WELDED TUBE USA INC., and UNITED STATES STEEL CORPORATION,** | |
|     **Defendant-Intervenors.** | |

## <u>OPINION AND ORDER</u>

[Denying both motions for reconsideration.]

Dated: May 21, 2019

<u>J. David Park</u>, <u>Henry D. Almond</u>, <u>Daniel R. Wilson</u>, and <u>Leslie C. Bailey</u>, Arnold & Porter Kaye Scholer LLP, of Washington, D.C., for Plaintiff NEXTEEL Co., Ltd. and Consolidated Plaintiff Hyundai Steel Company.  <u>Michael T. Shor</u> and <u>Kang W. Lee</u> also appeared.

Jeffrey M. Winton and Amrietha Nellan, Law Office of Jeffrey M. Winton PLLC, of
Washington, D.C., for Consolidated Plaintiff SeAH Steel Corporation.

Gregory J. Spak, Frank J. Schweitzer, and Kristina Zissis, White & Case, LLP, of Washington,
D.C., for Consolidated Plaintiff and Defendant-Intervenor Maverick Tube Corporation.
Formerly on the brief were Robert E. DeFrancesco, III, Alan H. Price, and Cynthia C. Galvez,
Wiley Rein, LLP, of Washington, D.C.

Roger B. Schagrin, Christopher T. Cloutier, and Elizabeth J. Drake, Schagrin Associates, of
Washington, D.C., for Defendant-Intervenor TMK IPSCO, Vallourec Star, L.P., and Welded
Tube USA Inc.  Paul W. Jameson also appeared.

Thomas M. Beline and Sarah E. Shulman, Cassidy Levy Kent (USA) LLP, of Washington, D.C.,
for Defendant-Intervenor United States Steel Corporation.

Hardeep K. Josan, Attorney, U.S. Department of Justice, of New York, N.Y., argued for
Defendant United States.  With her on the brief were Joseph H. Hunt, Assistant Attorney
General, Jeanne E. Davidson, Director, and Claudia Burke, Assistant Director.  Of counsel on the
brief was Mykhaylo A. Gryzlov, Senior Counsel, U.S. Department of Commerce, Office of the
Chief Counsel for Trade Enforcement and Compliance, of Washington, D.C.

Joel D. Kaufman and Richard O. Cunningham, Steptoe & Johnson LLP, of Washington, D.C.,
for Plaintiff-Intervenor ILJIN Steel Corporation.

Donald B. Cameron, Eugene Degnan, Brady W. Mills, Julie C. Mendoza, Mary S. Hodgins, and
Rudi W. Planert, Morris, Manning & Martin, LLP, of Washington, D.C., appeared for
Consolidated Plaintiff Husteel Co., Ltd.

Jarrod M. Goldfeder and Robert G. Gosselink, Trade Pacific, PLLC, of Washington, D.C.,
appeared for Consolidated Plaintiff AJU Besteel Co., Ltd.


    Choe-Groves, Judge:  Before the court are two motions for reconsideration filed by

Consolidated Plaintiff SeAH Steel Corporation ("SeAH") and Defendant-Intervenors Maverick

Tube Corporation, TMK IPSCO, Vallourec Star, L.P., Welded Tube USA, and United States

Steel Corporation (collectively, "Defendant-Intervenors").  See Mot. Pl. SeAH Steel Corporation

Reconsideration Ct.'s Jan. 2, 2019 Order, Jan. 28, 2019, ECF No. 149 ("SeAH's Mot."); Rule 59

Mot. Reconsideration Ct.'s Remand Order, Feb. 1, 2019, ECF No. 150 ("Def.-Intervenors'

Mot.").  Both motions request that the court reconsider certain aspects of its decision in

NEXTEEL Co., Ltd. v. United States, 43 CIT __, 355 F. Supp. 3d 1336 (2019) ("NEXTEEL I").

SeAH's motion addresses specifically the court's decision to sustain (1) the U.S. Department of

Commerce's ("Commerce" or "Department") decision to set SeAH's ocean freight expenses of

Canadian shipments equal to the weighted average for Canadian bulk shipments, and (2) its

application of its differential pricing analysis in the first administrative review of oil country

tubular goods from the Republic of Korea.  See SeAH's Mot. 5–6, 9.  Defendant-Intervenors

request that the court reconsider and alter or amend its instruction that Commerce "reverse the

finding of a particular market situation and recalculate the dumping margin for the mandatory

respondents and non-examined companies."  See Def.-Intervenors' Mot. 1–2 (quoting

NEXTEEL I, 43 CIT at __, 355 F. Supp. 3d at 1351).  For the following reasons, the court denies

both motions for reconsideration.

## BACKGROUND

The court presumes familiarity with the facts of this case.  See NEXTEEL I.  In

NEXTEEL I, the court considered seven Rule 56.2 motions for judgment on the agency record

and fourteen issues presented by the Parties.  See id. at __, 355 F. Supp. 3d at 1343–44.

Relevant here, the court held that: (1) Commerce's determination to set SeAH's ocean freight

expenses of Canadian shipments equal to the weighted average for Canadian bulk shipments was

supported by substantial evidence, (2) Commerce's application of its differential pricing analysis

was supported by substantial evidence and in accordance with the law, and (3) Commerce's

decision to apply a particular market situation adjustment to NEXTEEL's reported costs of

production was unsupported by substantial evidence.  See id. at __, 355 F. Supp. 3d at 1364.  The

court sustained the first two issues and remanded the third issue for Commerce to "reverse the finding of a particular market situation and recalculate the dumping margin for the mandatory respondents and non-examined companies." Id. at __, 355 F. Supp. 3d at 1351.  No judgment has been issued in this case yet.

SeAH and Defendant-Intervenors each filed a motion for reconsideration.  SeAH's motion contests the court's holdings regarding ocean freight costs and differential pricing analysis, see SeAH's Mot. 2, 6, which are two aspects of Commerce's final results that the court sustained.  Defendant-Intervenors challenge the court's conclusion regarding the particular market situation issue, see Def.-Intervenor's Mot. 1–2, which the court remanded for further proceedings.

Defendant-Intervenors filed a response in opposition to SeAH's motion for reconsideration.  See Resp. Def.-Intervenors Pl. SeAH's Rule 59 Mot. Reconsideration Ct.'s Remand Order, Feb. 19, 2019, ECF No. 163 ("Def.-Intervenors' Resp.").  Plaintiff NEXTEEL Co., Ltd., Consolidated Plaintiff Hyundai Steel Company, and Plaintiff-Intervenor ILJIN Steel Corporation submitted responses in opposition to Defendant-Intervenors' motion for reconsideration.  See Resp. Pls. NEXTEEL & Hyundai Steel Opp'n Def.-Intervenors' Mot. Reconsideration, Mar. 21, 2019, ECF No. 166; Resp. Pl.-Intervenor Def.-Intervenors, Maverick Tube Corporation, TMK IPSCO, Vallourec Star, L.P., Welded Tube USA, & United States Steel Corporation's Rule 59 Mot. Reconsideration Ct.'s Remand Order, Mar. 21, 2019, ECF No. 164. Defendant United States ("Defendant" or "Government") filed a response opposing SeAH's

motion and supporting Defendant-Intervenors' motion.[1]  See Def.'s Resp. Def-Intervenors' &

SeAH Steel Corporation's Mots. Reconsideration Ct.'s Remand Order, Mar. 21, 2019, ECF No.

165 ("Def.'s Resp.").

## JURISDICTION AND STANDARD OF REVIEW

The court has jurisdiction pursuant to 19 U.S.C. § 1516a(a)(2)(B)(i) (2012)[2]

and 28 U.S.C. § 1581(c), which grant the court the authority to review actions contesting the

final results of an administrative review of an antidumping duty order.

SeAH cites Rule 59(e) of the Rules of this Court as supporting authority for the court to

entertain its motion.  See SeAH's Mot. 1–2.  Defendant and Defendant-Intervenors submit that

Rule 59(e) is the improper authority.  See Def.'s Resp. 4 n.1; Def.-Intervenors' Resp. 2 n.1.

Defendant-Intervenors direct the court instead to Rule 59(a), which Defendant-Intervenors cite

for their own motion for reconsideration.  See Def.-Intervenors' Resp. 2 n.1; Def.-Intervenors'

Mot. 2.  Rule 59(e) states that a "motion to alter or amend a judgment must be served no later

than 30 days after the entry of the judgment."  USCIT R. 59(e).  In contrast, Rule 59(a) allows

the court, "on motion," to "grant a new trial or rehearing on all or some of the issues -- and to

any party" after a nonjury trial.  USCIT R. 59(a)(1)(B).  Rule 59 applies when a judgment has

been entered in a case, which has not occurred yet in this action because the court remanded

---

[1] Defendant requested an extension of time to file its own motion for reconsideration, which the court denied.  See Order, Mar. 28, 2019, ECF No. 168.

[2] All further citations to the Tariff Act of 1930, as amended, are to the relevant provisions of Title 19 of the U.S. Code.  All further citations to the U.S. Code are to the 2012 edition, with exceptions.  All further citations to 19 U.S.C. § 1677b(e) are to the 2015 version, as amended pursuant to The Trade Preferences Extension Act of 2015, Pub. L. No. 114–27, 129 Stat. 362 (2015).  All citations to the Code of Federal Regulations are to the 2017 edition.

Commerce's determination.  See NEXTEEL I, 43 CIT at __, 355 F. Supp. 3d at 1364.  The court

finds that Rule 59 is not the proper avenue for bringing a motion for reconsideration under the

current circumstances.

      The court considers both SeAH's and Defendant-Intervenors' motions for reconsideration

under Rule 54(b), which addresses actions that adjudicate multiple claims for relief.  The rule

reads, in relevant part:

> [A]ny order or other decision, however designated, that adjudicates fewer
> than all the claims or the rights and liabilities of fewer than all the parties
> does not end the action as to any of the claims or parties and *may be revised*
> *at any time before the entry of a judgment* adjudicating all the claims and
> all the parties' rights and liabilities.

USCIT R. 54(b) (emphasis added).  Because active issues still exist in this action and because no

judgment has been issued yet, the court may entertain the motions for reconsideration under Rule

54(b).

      The court has discretion when deciding a motion for reconsideration "as justice requires."

Irwin Indus. Tool Co. v. United States, 41 CIT __, __, 269 F. Supp. 3d 1294, 1300 (2017), aff'd,

920 F.3d 1356 (Fed. Cir. 2019).  Grounds for reconsideration include "an intervening change in

the controlling law, the availability of new evidence, the need to correct a clear factual or legal

error, or the need to prevent manifest injustice."  Ford Motor Co. v. United States, 30 CIT 1587,

1588 (2006); see also Irwin Indus. Tool, 41 CIT at __, 269 F. Supp. 3d at 1301.  A motion for

reconsideration is not an opportunity for the losing party "to re-litigate the case or present

arguments it previously raised."  Totes-Isotoner Corp. v. United States, 32 CIT 1172, 1173, 580

F. Supp. 2d 1371, 1374 (2008).

## ANALYSIS

### I.        SeAH's Motion for Reconsideration

SeAH's motion for reconsideration contests the court's decision in <u>NEXTEEL I</u> with respect to (1) Commerce's decision to set SeAH's ocean freight expenses of Canadian shipments equal to the weighted average for Canadian bulk shipments and (2) Commerce's application of its differential pricing analysis.  <u>See</u> SeAH's Mot. 5–6, 9.  SeAH contends that the court's "decision contains a few manifest errors," and asks the court to reconsider both findings.  <u>Id.</u> at 2.

SeAH's shipments to one Canadian customer were made in containers, while shipments to other Canadian customers and United States customers were made in bulk.  <u>NEXTEEL I</u>, 43 CIT at __, 355 F. Supp. 3d at 1359.  The per-unit international freight rates for the container shipments were higher than the per-unit rates for bulk shipments, and Commerce adjusted SeAH's Canadian ocean freight expenses "to account for the difference between the per-unit rates for containerized and bulk shipments."  <u>Id.</u>  The court held that Commerce's determination to set SeAH's ocean freight expenses for Canadian shipments equal to the weighted average for Canadian bulk shipments was supported by substantial evidence.  <u>Id.</u> at __, 355 F. Supp. 3d at 1360.  SeAH argues that the court's conclusion is unsupported by law and contrary to the statutory scheme.  <u>See</u> SeAH's Mot. 3.  SeAH provides no new arguments in support of this contention but instead continues to dispute the amount of the adjustment, arguing that Commerce should have used the actual cost for ocean freight container sales.  <u>See id.</u> at 4–5; <u>NEXTEEL I</u>, 43 CIT at __, 355 F. Supp. 3d at 1359.  Because the court evaluated SeAH's arguments already

in NEXTEEL I and the holding regarding ocean freight was not manifestly erroneous, the court

will not disturb its previous decision.

SeAH contends also that the court improperly upheld Commerce's application of its

differential pricing analysis because the court "must engage in an analysis of the 'Differential

Pricing Analysis' that is similar to the analysis required by this Court in the Carlisle Tire case

and by the Federal Circuit in [the] Washington Red Raspberry case." SeAH's Mot. 9 (citing

Carlisle Tire & Rubber Co., Div. of Carlisle Corp. v. United States, 10 CIT 301, 634 F. Supp.

419 (1986), and Wash. Red Raspberry Comm'n v. United States, 859 F.2d 898 (Fed. Cir. 1988)).

SeAH made this exact argument in NEXTEEL I. See NEXTEEL I, 43 CIT at __, 355 F. Supp.

3d at 1355–56. SeAH's motion constitutes an impermissible attempt to re-litigate the issue. See

Totes-Isotoner, 32 CIT at 1173, 580 F. Supp. 2d at 1374. Because SeAH fails to demonstrate

that there is manifest error with the court's reasoning and repeats the same arguments evaluated

by the court previously, the court declines to reconsider its decision in NEXTEEL I.

## II.     Defendant-Intervenors' Motion for Reconsideration

Defendant-Intervenors' motion for reconsideration asks the court to alter or amend its

decision with respect to Commerce's finding of a particular market situation. See Def.-

Intervenors' Mot. 1–2. During the initial administrative proceedings, Commerce did not find the

existence of a particular market situation in its preliminary results, but later relied on the same

administrative record to reverse its position and conclude that a particular market situation

existed in the final results. See NEXTEEL I, 43 CIT at __, 355 F. Supp. 3d at 1345–46. The

court concluded that Commerce's determination was unsupported by substantial evidence and

instructed Commerce on remand to remove its finding of a particular market situation from its

antidumping duty calculations.  See id. at __, 355 F. Supp. 3d at 1349–51.  Defendant-

Intervenors argue that the court's instruction exceeds the scope of the court's authority to review

administrative determinations under 19 U.S.C. § 1516a, and request that the court modify the

language in the opinion to permit Commerce to "reconsider or further explain" its finding of a

particular market situation on remand.  See Def.-Intervenors' Mot. 6.  The Government supports

Defendant-Intervenors' argument and contends that Defendant-Intervenors have met the standard

required for a motion for reconsideration.  See Def.'s Resp. 5–7.

        This Court's standard of review under 19 U.S.C. § 1516a and 28 U.S.C. § 1581(c) require

the court to evaluate whether Commerce's determinations are supported by substantial evidence

and otherwise in accordance with the law.  The court held that Commerce's particular market

situation finding was unsupported by substantial evidence.  NEXTEEL I, 43 CIT at __, 355 F.

Supp. 3d at 1349–51.  The record contained thousands of pages of information, and Commerce

explained in a nineteen-page memorandum how its evaluation of the record showed that

Maverick's four particular market situation allegations were unfounded.  Id.  Without any

intervening new factual information on the record between the preliminary results and the final

results, the court concluded that Commerce failed to explain adequately how the same record

supported both Commerce's previous conclusion of no particular market situation and its

subsequent finding of a single particular market situation.  Id.  Because of the lack of record

evidence, the court directed Commerce to remove the particular market situation finding from

the dumping margin calculations on remand.  Id.  The court applied its standard of review

properly when analyzing Commerce's determination, and it was not erroneous for the court to give Commerce specific remand instructions consistent with its opinion.[3]

Defendant-Intervenors' proposed revisions to the remand instructions essentially mirror the Government's previous broad request for a voluntary remand on the particular market situation issue, which the court rejected in NEXTEEL I.  The court expressed concern that the Government's request amounted to a "do-over" and constituted an impermissible attempt to rationalize the agency's actions after the fact.  See NEXTEEL I, 43 CIT at __, 355 F. Supp. 3d at 1348; see also Sec. & Exch. Comm'n v. Chenery Corp., 332 U.S. 194, 196 (1947) ("[A] reviewing court . . . must judge the propriety of such action solely by the grounds invoked by the agency.").  The court was not persuaded by the Government's argument before and likewise will not grant Defendant-Intervenors' request here for similar reasons already considered by the court.

---

[3] The U.S. Court of Appeals for the Federal Circuit has rejected an argument similar to Defendant-Intervenors':

> It is true that, by ruling that Commerce's decision . . . was not legally or factually supportable, the court limited Commerce's options on remand. But that is frequently the result when a court overturns an agency's factual finding for lack of substantial evidence, particularly if the factual issue is binary in nature.  Even though a reviewing court's decision that substantial evidence does not support a particular finding may have the practical effect of dictating a particular outcome, that is not the same as the court's making its own factual finding.

Nucor Corp. v. United States, 371 Fed. Appx. 83, 90 (Fed. Cir. 2010).

## CONCLUSION

Accordingly, upon consideration of the two motions for reconsideration, and all other papers and proceedings in this action, it is hereby

**ORDERED** that SeAH's motion, ECF No. 149, is denied; and it is further

**ORDERED** that Defendant-Intervenors' motion, ECF No. 150, is denied.


   /s/ Jennifer Choe-Groves   
Jennifer Choe-Groves, Judge

Dated:      May 21, 2019      
          New York, New York